**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jovan Smith aka Jovan Massey Smith,<br><br>Plaintiff,<br><br>-v-<br><br>Errol D. Toulon, Jr., *et al.*,<br><br>Defendants. | 2:26-cv-05662<br>(NJC)(LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an application to proceed *in forma pauperis* ("IFP") filed by Plaintiff Jovan Massey Smith, along with his seventeenth *pro se* complaint, while detained at the Suffolk County Correctional Facility. (*See* Compl., ECF No. 1; IFP Mot., ECF No. 2.)[1] Given that Smith has accumulated three strikes under 28 U.S.C. § 1915(g), he is disqualified from proceeding IFP unless the Complaint demonstrates that he is "under imminent danger of serious physical injury."

[1] Smith's prior cases are docketed as:
- 2:17-cv-03611 ("Smith I") (Compl., ECF No. 1, IFP Mot., ECF No. 2 in each case);
- 2:26-cv-03331 ("Smith II");
- 2:26-cv-03360 ("Smith III");
- 2:26-cv-03455 ("Smith IV");
- 2:26-cv-03764 ("Smith V");
- 2:26-cv-04248 ("Smith VI");
- 2:26-cv-04448 ("Smith VII");
- 2:26-cv-04837 ("Smith VIII");
- 2:26-cv-4839 ("Smith IX");
- 2:26-cv-4955 ("Smith X");
- 2:26-cv-5229 ("Smith XI");
- 2:26-cv-5418 ("Smith XII");
- 2:26-cv-5430 ("Smith XIII");
- 2:26-cv-5435 ("Smith XIV");
- 2:26-cv-5449 ("Smith XV"); and
- 2:26-cv-5499 ("Smith XVI").

*See* 28 U.S.C. § 1915(g)[2]; *see also* Smith I (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim for relief), Smith XIII (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)), and Smith XIV (same). Here, the allegations set forth in the Complaint do not establish that Smith is in any such danger.

The Complaint appears to challenge the conditions of Smith's confinement at the SCCF and describes two incidents alleged to have already occurred on September 4, 2026 and September 7, 2026. (Compl., ECF No. 1 at 2–3.) Smith claims that another inmate spit in Smith's face on September 4, and, on September 7, that inmate "splashed very repugnant urine all over the plaintiff, his property, clothes, person, and cell." (*Id.*) Smith alleges that, after that incident, the other inmate "was released from 23 hour lock in [with Smith] and was moved to 4SE . . ." while Smith remains in 23-hour lock in. (*Id*. at 4.)

Given that Smith and the inmate are no longer housed together, there are no allegations from which the Court could liberally construe any danger to be present or imminent such that Smith may benefit from the "imminent danger" exception. An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002); *McFadden v. Noeth*, 827 F. App'x 20, 24 (2d Cir. 2020) (summary order) (same). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Palmer v. New York State Dep't of Corr.*, 342 F. App'x 654 (2d Cir. 2009) (finding danger no longer imminent and affirming dismissal under the three strikes rule in light of plaintiff's transfer from correctional facility); *Bradshaw v. Piccolo*, No. 6:21-cv-6050, 2021 WL 1313628, at *2 (W.D.N.Y. Apr. 8, 2021) (applying three strikes rule upon

---

[2] "Congress enacted the 'imminent danger' exception as a 'safety valve' to prevent impending harms to prisoners otherwise barred from proceeding IFP." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

finding that allegation about being spit on by another inmate did not plausibly allege imminent danger of serious physical injury). Here, any allegations that Smith could assert regarding "imminent danger" would be, at best, speculative. "Though the Court must 'construe Plaintiff's pro se complaint liberally and interpret it to raise the strongest arguments that it suggests,' the imminent danger alleged 'must be real, and not merely speculative or hypothetical' . . . ." *Antrobus v. Dapecevic*, No. 17-cv-5840, 2018 WL 3242272, at *4 (S.D.N.Y. July 3, 2018) (brackets and citation omitted); *see also Pettus v. Mangano*, No. 05-cv-1834, 2005 WL 1123761, at *1 (E.D.N.Y. May 9, 2005) (finding that "speculat[ion] that [plaintiff], like any other inmate at the facility, faces potential danger at the hands of other inmates" is insufficient to show "imminent danger" because it "would effectively create a blanket exception to the 'three strikes' rule for all inmates of maximum security prisons").

Thus, Smith's application to proceed IFP is denied pursuant to 28 U.S.C. § 1915(g) because Smith has three "strikes" and is not entitled to the "imminent danger" exception. **This action shall be dismissed without prejudice unless, within thirty (30) days of the date of Order, Smith pays the Court's filing fee of $405.00 in full; and it is further ordered that if Smith fails to timely comply with this Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to serve a copy of this Order on Smith at his address of record in an enveloped marked "Legal Mail" and shall record such mailing on the docket.

Dated: Central Islip, New York
September 16, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge